IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

IN RE:

APPLICATION OF BRAVO EXPRESS
CORPORATION,

CASE NO. 10-mc-378

    1 City Centre Drive, Suite 1510,
Mississauga, ON L5B 1M2, Canada,

    Applicant,

v.

SMIT SALVAGE AMERICAS INC.

    626-C Admiral Drive, PMB 309,
Annapolis, Maryland 21401, Anne
Arundel County,

    Respondent.

_____/

### ORDER GRANTING APPLICATION
### FOR DISCOVERY ASSISTANCE

THIS MATTER came before the Court pursuant to an Application for Discovery Assistance with Respect to Foreign Legal Proceedings (the "Application") by Bravo Express Corporation ("BEC" or "Applicant"), pursuant to 28 U.S.C. § 1782.

Upon review of the application, Applicant's supporting memorandum, and the legal authorities associated with 28 U.S.C. § 1782, and being apprised of all pertinent matters, it is hereby ORDERED and ADJUDGED that:

1. The Applicant's Application is GRANTED.

2. Respondent, Smit Salvage Americas Inc. ("Respondent"), shall within 14 days of the service of this order produce the following documents (or materials) to Applicants:

   a. All documents in Respondent's possession or control relating to Total S.A. and Fina Petroleios de Angola's ("FPA") knowledge of the leaks and repairs to a submarine pipeline during the period of the charter party as evidenced by construction and repair contracts, clean up operations, and vendor contracts, including all documents exchanged with Smit and/or related entities and divers it or FPA employed.

   b. All documents in Respondent's possession or control relating to the divers employed or hired to carry out the repairs to the submarine pipeline and pontoon, including the names and current address of each of the divers and their supervisors.

   c. All documents in Respondent's possession or control including any reports and correspondence prepared by or exchanged by the divers or their supervisors to their employer or Total S.A. or FPA regarding the work done on the submarine pipeline and pontoon.

   d. All documents in Respondent's possession or control including photographs or video concerning (a) marine pollution, (b) the New Challenge, (c) the submarine pipeline and pontoon during the period of December 2006 through March 2007.

3. Respondent shall within 30 days of the service of this order produce the following witness (or witnesses) for a deposition(s) by Applicant, before a videographer and conducted in accordance with the Federal Rules of Civil Procedure:

   a. Respondent's most knowledgeable representative(s) with respect to Total S.A. and FPA's knowledge of the leaks during the period of the charter party as evidenced by construction and repair contracts, clean up operations, and vendor contracts, including all documents exchanged with Smit and/or related entities and divers it or FPA employed.

   b. Respondent's most knowledgeable representative(s) with respect to the divers employed or hired to carry out the repairs to the submarine pipeline and pontoon, including the names and current address of each of the divers and their supervisors.

   c. Respondent's most knowledgeable representative(s) with respect to any reports and correspondence prepared by or exchanged by the divers or their supervisors to their employer or Total S.A. or FPA regarding the work done on the submarine pipeline and pontoon.

d. Respondent's most knowledgeable representative(s) with respect to photographs or video concerning (a) marine pollution, (b) the New Challenge, (c) the submarine pipeline and pontoon during the period of December 2006 through March 2007.

4. The Court shall retain jurisdiction over this matter for me purpose of enforcing this order and assessing any supplemental requests for discovery assistance that may be requested by Applicant.

DONE and ORDERED, in Chambers, in Baltimore, Maryland, this 6th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE