IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

IN RE:

APPLICATION OF BRAVO EXPRESS
CORPORATION,

CASE NO. 1:10-mc-00378

Applicant,

v.

SMIT SALVAGE AMERICAS INC.

Respondent.

## RESPONDENT SMIT SALVAGE AMERICAS INC.'S RESPONSE TO ORDER GRANTING APPLICATION FOR DISCOVERY ASSISTANCE

Respondent Smit Salvage Americas Inc., by its attorneys, files this response to the Order Granting Application for Discovery Assistance obtained by Bravo Express Corporation ("Bravo") in reliance upon 28 U.S.C. § 1782 and would respectfully show the Court as follows:

### I.   Background

Bravo filed an application in this Court for an order seeking production of documents and for a corporate representative deposition by Respondent Smit Salvage Americas Inc. The Order was granted *ex parte* and without notice to Smit Salvage Americas Inc. on October 6, 2010. The Order requires that Smit Salvage Americas Inc. produce certain documents within 14 days of service, and produce a corporate representative with knowledge of certain topics within 30 days of service. The Order was served on Smit Salvage Americas Inc. on February 12, 2011.

### II.   Response

Contrary to assertions made by Bravo in its Memorandum in Support of Application ("Application") and affidavit of Douglas R. Burnett in support thereof, Smit Salvage Americas Inc. did not employ divers pursuant to a repair contract with FPA or Total S.A. See Bravo's

Application at pg. 3 and Burnett Affidavit at pg. 6 ¶ 22-23. Bravo obtained this Order in reliance on 28 U.S.C. § 1782 by asserting that Smit Salvage Americas Inc. has an office in Annapolis, Maryland and thus "resides or is found" within this district. See Application at pg. 3.[1] Smit Salvage Americas Inc. does not possess or have within its control any documents responsive to requests 2(a) – 2(d) of the Order, and does not have any employee or witness within its control with knowledge of topics 3(a) – 3(d) of the Order.

### A. Document Requests

Smit Salvage Americas Inc. has no documents responsive to the Order, and accordingly responds as follows:

a. All documents in Respondent's possession or control relating to Total S.A. and Fina Petroleios de Angola's ("FPA") knowledge of the leaks and repairs to a submarine pipeline during the period of the charter party as evidenced by construction and repair contracts, clean up operations, and vendor contracts, including all documents exchanged with Smit and/or related entities and divers it or FPA employed.

   **Response:** None.

b. All documents in Respondent's possession or control relating to the divers employed or hired to carry out the repairs to the submarine pipeline and pontoon, including the names and current address of each of the divers and their supervisors.

   **Response:** None.

c. All documents in Respondent's possession or control including any reports and correspondence prepared by or exchanged by the divers or their supervisors to their employer or Total S.A. or FPA regarding the work done on the submarine pipeline and pontoon.
   **Response:** None.

d. All documents in Respondent's possession or control including photographs or video concerning (a) marine pollution, (b) the New Challenge, (c) the

---

[1] Respondent notes that 28 U.S.C. § 1782 is not a proper procedural mechanism to require it to produce documents of a foreign parent or affiliated company which are not found within the district nor located within the United States. *Nortex Petroleum Ltd. v. Chubb Ins. Co.*, 384 F.Supp.2d 45 (D.D.C. 2005).

submarine pipeline and pontoon during the period of December 2006 through March 2007.

**Response:** None.

### B. Corporate Representative Deposition Topics

Smit Salvage Americas Inc. has no representative with knowledge of the topics listed in the Order, and accordingly responds as follows:

a. Respondent's most knowledgeable representative(s) with respect to Total S.A. and FPA's knowledge of the leaks during the period of the charter party as evidenced by construction and repair contracts, clean up operations, and vendor contracts, including all documents exchanged with Smit and/or related entities and divers it or FPA employed.

   **Response:** No Smit Salvage Americas Inc. employee or representative has any knowledge of these matters.

b. Respondent's most knowledgeable representative(s) with respect to the divers employed or hired to carry out the repairs to the submarine pipeline and pontoon, including the names and current address of each of the divers and their supervisors.

   **Response:** No Smit Salvage Americas Inc. employee or representative has any knowledge of these matters.

c. Respondent's most knowledgeable representative(s) with respect to any reports and correspondence prepared by or exchanged by the divers or their supervisors to their employer or Total S.A. or FPA regarding the work done on the submarine pipeline and pontoon.

   **Response:** No Smit Salvage Americas Inc. employee or representative has any knowledge of these matters.

d. Respondent's most knowledge representative(s) with respect to photographs or video concerning (a) marine pollution, (b) the New Challenge, (c) the submarine pipeline and pontoon during the period of December 2006 through March 2007.

   **Response:** No Smit Salvage Americas Inc. employee or representative has any knowledge of these matters.

/S/
James W. Bartlett, III
Federal Bar No. 00017
Semmes, Bowen & Semmes
25 S. Charles Street, Suite 1400
Baltimore, MD 21201
410.576.4833
410.539.5223 (Fax)
jbartlett@semmes.com

Attorneys for Smit Salvage Americas Inc.

Of Counsel
Bijan Siahatgar
Strasburger & Price, LLP
1401 McKinney, Suite 2200
Houston, Texas 77010
713.951.5600
713.951-5660
bijan.siahatgar@strasburger.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of February, 2011, a copy of the foregoing Respondent Smit Salvage Americas Inc.'s Response to Order Granting Application for Discovery Assistance was sent by electronic filing to all counsel of record.

/S/
James W. Bartlett, III

B1082212.DOC